IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LISA ANN FRETWELL, #236 030           *

    Plaintiff,                                         *

       v.                                             *     2:04-CV-878-WHA
                                                           (WO)

WARDEN GLADYS DEESE, *et al.*,        *

    Defendants.                                      *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Lisa Fretwell ["Fretwell"], an Alabama prisoner incarcerated at the Julia Tutwiler Prison for Women, filed this *pro se* 42 U.S.C. § 1983 action alleging that Defendants violated her constitutional rights by subjecting her to excessive force and denying her adequate medical care.  Fretwell seeks injunctive relief and monetary damages against defendants Warden Gladys Deese, Assistant Warden Joseph Albright, Sergeant Riley, Sergeant Davidson, Sergeant Jones, and Correctional Officers Cargill, Vanderpoole, Hill, and Lee.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Fretwell that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Fretwell the proper manner in which to respond to a motion for summary judgment.  Fretwell filed a response to the special report filed by Defendants.  This case is now pending on Defendants' motion for

summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Fretwell's opposition to this motion, the court concludes that Defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. BACKGROUND

Fretwell alleges that on August 29, 2004 she "surrendered" herself to correctional officers following her altercation with another inmate. While in the officers' custody, Fretwell attempted to struggle. As a result of her conduct, Fretwell states that an officer put his knee in her chest and broke her rib. Fretwell asserts that her request for medical care was laughed at by the sergeants and she was then taken into the hallway where she was severely beaten while in restraints. (Doc. No. 1.)

The evidentiary material filed in this matter reflects that on August 29, 2004 Fretwell had to be subdued by correctional officers on two separate occasions. The first incident between Fretwell and correctional officers occurred at approximately 10:15 a.m. Several inmates reported to Defendant Lee that Fretwell was hitting inmate Tina Cordar. As Defendant Lee approached the two inmates he observed Fretwell strike inmate Cordar in the head with a closed right hand. Defendant Lee ordered Fretwell to stop hitting inmate Cordar and report to the front door. In response, Fretwell started swinging her hands towards Defendant Lee in an aggressive manner. As he put his left arm up to block Fretwell from hitting him, she scratched his left arm and wrist. Defendant Lee then grasped Fretwell's right

wrist to restrain her. Because Fretwell resisted Defendant Lee's restraint efforts and continued to resist him by swinging her arms, the guard placed her on the floor and called for backup. Several officers, including Sergeant Davidson, responded to Defendant Lee's request for assistance. Fretwell was then handcuffed and escorted to the infirmary for a body chart. On examination, medical personnel noted a red area on Fretwell's chest. Fretwell was also noted as breathing heavily and crying but medical staff observed no visible signs of trauma. (Doc. No. 11, Lee Affidavit, Doc. No. 16 - Plaintiff's Medical Records.)

Later in the day, at approximately 3:38 p.m., Officer Edward Nelson radioed Defendant Riley that Fretwell, who was in Dorm #4, was acting in a belligerent manner. Defendant Riley reported to the dorm and proceeded to escort Fretwell to the shift office. After arriving at the shift office, Fretwell continued to exhibit belligerent conduct by yelling various racial comments and statements. Fretwell refused to comply with Defendant Riley's orders that she be quiet and calm down. Defendant Riley then informed Fretwell that she would be escorted back to her dorm. Defendants Cargill, Davidson, and Jones assisted Defendant Riley in escorting Fretwell to Dorm 4. During the escort, Fretwell told the guards to beat her. Defendant Riley again told Fretwell to be quiet and continued escorting her to Dorm #4. Fretwell then grabbed Defendant Riley by the shoulder. Defendant Riley placed Fretwell's right hand behind her back in order to handcuff her. Because Fretwell refused to cooperate with Defendant Riley's efforts to handcuff her, Defendant Cargill provided

3

assistance, and the two officers then placed Fretwell face down on the ground. Defendant Cargill handcuffed Fretwell from behind and Defendant Jones placed her in leg irons. (Doc. No. 11, Riley, Davidson, and Jones Affidavits, Institutional Incident Report - TP-04-1432, Doc. No. 16, Plaintiff's Medical Records.)

After securing Fretwell, Defendants Riley, Davidson, Jones, and Cargill escorted her to the health care unit. Medical personnel noted no injury. The next day, August 30, 2004, medical personnel examined Fretwell for her complaint of chest pain and noted a bruise above her left breast. Fretwell commented to medical staff that she "fought with officers yesterday." On September 1, 2004 Fretwell was seen at the infirmary for her complaint of pain in her ribs when she breathed or coughed. She stated that she had been pushed and kicked three days ago. On examination, medical staff noted a 4x5 centimeter contusion to Fretwell's left upper arm and a 5 centimeter area of bruising on her left upper chest area. No other signs of skin discoloration were noted on Fretwell's body. Fretwell complained of tenderness and pressure on her sternum and anterior lower chest wall but no respiratory distress was noted. Although the examining physician strongly doubted a rib fracture, he directed that Fretwell received a chest x-ray. The x-ray showed a fracture of Fretwell's left 5th rib in the anterior axillary line. (Doc. No. 11, Riley, Davidson, and Jones Affidavits, Institutional Incident Report TP-04-1432, Doc. No. 16, Plaintiff's Medical Records.)

## II.  STANDARD OF REVIEW

In order to survive Defendants' properly supported motion for summary judgment, Fretwell is required to produce some evidence supporting her constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  She must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  A plaintiff's conclusory allegations do not provide adequate evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987).

To demonstrate a genuine issue, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to

it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996). Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  DISCUSSION

*A.  Absolute Immunity*

To the extent Fretwell sues Defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress

has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that Defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities. Thus, Defendants are entitled to absolute immunity from the claims asserted by Fretwell against them in their official capacities.

B. *Individual Capacity Claims*

    *i. The Excessive Force Claim*

Defendants argues that they are entitled to qualified immunity on Fretwell's excessive force claim. A defense of qualified immunity is generally unavailable in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). Defendants are not entitled to qualified immunity when a plaintiff properly pleads the use of excessive force. *Id.* Fretwell has properly pled a claim of excessive force. Thus, the only question in this case is whether she has alleged facts sufficient to survive a motion for summary judgment. *Id.* Accordingly, this court will consider whether Fretwell's allegation that Defendants used excessive force

against her, which the court must take as true for purposes of summary judgment, sets forth a violation of her Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injuries. *Id.* 503 U.S. at 9; *but see Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). An excessive force claim "necessarily

excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327.)  In *Hudson*, the Court did not define "*de minimis* use of force" but suggested that the degree of injury received is at least relevant to determining whether more than *de minimis* force was used. *Id.* at 10.

Here, the court understands Fretwell to maintain that she was severely beaten twice in one day ("between 10 a.m. and 5 p.m.") by correctional officers while in restraints and that she suffered injuries including bruises, chest trauma, and a fractured rib from the beatings. She further alleges that the uses of force were applied unreasonably, without justification, and maliciously and sadistically simply for the purpose of causing harm. The evidentiary material before the court reflects that Fretwell suffered arguably more than *de minimis* injuries.  (Doc. Nos. 1, 16, 20.)  The degree of serious injury is relevant to an Eighth Amendment inquiry but it does not end this inquiry. *Hudson*, 503 U.S. at 7; *Skrtich*, 280 F.3d at 1304 n.8, citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *see also Smith v. Mensinger*, 293 F.3d 641, 649 (3rd Cir. 2002) (considering the *de minimis* nature of injuries is an issue of fact to be resolved by the fact finder based on the totality of the evidence); *Brooks v. Kyler*, 204 F.3d 102, 103 (3rd Cir. 2000) (holding that there is "no fixed minimum quantity of injury that a prisoner must prove that he suffered" in order to state an excessive force claim).  The court must also consider the need for the application of force,

the amount of force exerted, the threat reasonably perceived by the official and any efforts to temper the severity of the forceful response. *Skrtich*, 280 F.3d at 1305 n.9.

In the instant case, the court understands Fretwell to assert that around 10:00 a.m. on August 29, 2004 Defendant Lee instigated a use of physical force against her for no reason, while she was in restraints, and while she posed no threat and that later that afternoon Defendants Riley, Jones, Cargill, and Davidson committed similar if not almost identical conduct. (Doc. Nos. 1, 20.) Defendants Lee, Riley, Jones, Cargill, and Davidson, however, deny Fretwell's allegations regarding a use of excessive force and maintain that the only physical contact made with Fretwell on the two occasions in question consisted of placing her face down on the floor and putting her in restraints in order to subdue her and bring her under control. (Doc. No. 11, Lee, Davidson, Riley, and Jones Affidavits, Institutional Incident Report - TP-04-1432.)

Viewing the facts in the light most favorable to Fretwell, this court concludes that Defendants Lee, Davidson, Riley, Cargill, and Jones are not entitled to qualified immunity as Fretwell alleges facts sufficient to survive a motion for summary judgment. *See Skrtich*, 280 F.3d at 1301. Consequently, the motion for summary judgment with respect to the excessive force claim against Defendants Lee, Jones, Riley, Davidson, and Cargill is due to be denied.

    *ii. Defendants Deese, Albright, Hill, and Vanderpoole*

The evidentiary material before the court affirmatively reflects that Warden Deese, Assistant Warden Albright, and Correctional Officers Hill and Vanderpoole were not involved in the use of force about which Fretwell complains. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). Fretwell has come forward with no evidence demonstrating existence of the requisite causal connection with respect to her claims of excessive force against Defendants Deese, Albright, Hill, and Vanderpoole.

To the extent Fretwell maintains that Defendants Deese and Albright are liable for the actions of a correctional officer due to their supervisory roles, Fretwell's claims must likewise fail. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). In light of the foregoing, the court concludes that Defendants Deese, Albright, Hill, and Vanderpoole's motion for summary judgment with respect to Fretwell's excessive force and *respondeat superior* claims is due to be granted.

*C. Deliberate Indifference*

Fretwell asserts various general and conclusory allegations of inadequate medical

treatment. For example, she contends that inmates are not able to confidentially communicate needs for medical treatment, that there are not enough doctors or psychiatrists available to treat the inmate population, that the seclusion and/or observation of mental health inmates is "misused," and that suicidal inmates are not properly treated, identified, or supervised. (Doc. No. 1.)

It is clear from the pleadings filed in this case that the named defendants are not health care professionals. As previously noted, "[t]here is 'no *respondeat superior* liability for a § 1983 claim.' *Marsh [v. Butler County, Alabama*, 268 F.3d 1014, 1035 (11th Cir. 2001) (*en banc*)]. Although § 1983 requires a connection between the official's acts or omissions and the plaintiff's injury, an official also may be liable where a policy or custom that he established or utilized resulted in deliberate indifference to an inmate's constitutional rights. *Id.* at 1059." *Salas v. Tillman*, 162 Fed.Appx. 918, 922 (11th Cir. 2006).

Fretwell alleges no facts showing how the named defendants played a role in denying her adequate medical or mental health care. Accordingly, she fails to present any evidence sufficient to create a genuine issue of disputed fact with respect to the claim that the named defendants acted with deliberate indifference to her medical needs. There is nothing before the court which indicates that the named defendants personally participated in or had any direct involvement with the medical treatment provided to Fretwell. Additionally, the undisputed evidentiary materials demonstrate that medical and mental health personnel made

all decisions relative to the course of treatment provided to Fretwell and further establish that such treatment did not result from a policy instituted by the named defendants. (*See* Doc. No. 16 - Plaintiff's Medical Records.) The law does not impose upon correctional officials a duty to directly supervise health care personnel, to set treatment policy for the medical staff, or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) (in the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

      The record is completely devoid of evidence that the named defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Fretwell, that the defendants actually drew this inference and thereafter ignored the risk. Fretwell has, therefore, failed to establish the requisite element of

subjective awareness on the part of the named defendants. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003). Consequently, summary judgment is due to be granted in favor of Defendants on Fretwell's deliberate indifference claim.[1]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims for monetary damages against Defendants in their official capacities be DISMISSED as Defendants are entitled to absolute immunity from these claims;

2. Defendants' motion for summary judgment on Plaintiff's deliberate indifference claim (Doc. No. 11), be GRANTED and this claim against Defendants be DISMISSED with prejudice;

3. Defendants Deese, Albright, Hill, and Vanderpoole's motion for summary judgment with respect to Plaintiff's excessive force and *respondeat superior* claims (Doc. No. 11) be GRANTED and these claims against these Defendants be DISMISSED with prejudice;

---

[1] To the extent Fretwell complains that defendants have failed to fully implement a settlement agreement ordered by this court in, among others, *Laube, et al v. Allen*, Civil Action No. 2:02-CV-957-MHT (M.D. Ala.), she is entitled to no relief. A claim asserting a violation of an agreement between the Department of Corrections and the District Court does not raise a federal constitutional or statutory claim. Injunctions, including settlement agreements/consent decrees, are enforced through the trial court's civil contempt power. *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). Thus, Fretwell has no independent claim of right under the terms of previous agreements and/or consent decrees involving inmates housed at the Julia Tutwiler Prison for Women.

    4.  Defendants Lee, Riley, Davidson, Cargill, and Jones' motion for summary with respect to Plaintiff's excessive force claim (Doc. No. 11), be DENIED;

    5.   Plaintiff's claim that Defendants Lee, Riley, Davidson, Cargill, and Jones used excessive force against her be set for an evidentiary hearing.

    It is further

    ORDERED that the parties shall file any objections to this Recommendation on or before July 18, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of July, 2006.

                                          /s/ Susan Russ Walker
                                          SUSAN RUSS WALKER
                                          UNITED STATES MAGISTRATE JUDGE